FEBRUARY 12, 1976

PEOPLE v LOUIS MAURICE SMITH. (Docket No. 56620. Argued February 5, 1976, Calendar No. 3.) This appeal has been briefed and orally argued by the parties on the interlocutory issues of the trial court's decision to issue a bench warrant and to deny a motion to quash the information. The trial court's decisions were affirmed by the Court of Appeals. 57 Mich App 556; 226 NW2d 673 (1975).

On the record now before this Court, the Court is not persuaded that the trial court's decision to issue the bench warrant and the decision not to quash the information should be reversed. Accordingly this cause hereby is remanded to the Kalamazoo Circuit Court for further proceedings.

If the defendant is convicted, he may file a claim of appeal directly with this Court, within the time limits specified in GCR 1963, 803.1. Upon the filing of such claim of appeal Rules 854 through 868 shall become applicable to the procedures for completing that appeal and, in addition to other issues raised on such appeal, the issues presented in the pending appeal may be considered by this Court.

KAVANAGH, C. J., and WILLIAMS and LEVIN, JJ., dissenting as follows:

WILLIAMS, J. I dissent from the order, because it is, or appears to be, a decision on the merits, and this Court has not had adequate time to deliberate on the merits of the case.

LEVIN, J. This Court granted an interlocutory appeal to decide whether a criminal prosecution may be brought against a person committed as a criminal sexual psychopath and released 19 years later because the statute was declared unconstitutional. That question may be dispositive of this case and should be resolved before it proceeds to trial.

Our order granting leave to appeal limited consideration to the issues raised by defendant-appellant in his application. After the application was filed, in *Breed v Jones,* 421 US 519; 95 S Ct 1779; 44 L Ed 2d 346 (1975), the United States Supreme Court held that criminal prosecution of a person for conduct for which a juvenile

court adjudicatory hearing had been held violated the Double Jeopardy Clause. This case, where defendant's alleged criminal conduct was the basis for his commitment under the criminal sexual psychopath statute, appears analogous.

It is now over 22 years since the crime was committed. We should dispose of questions whether the people may proceed at all before requiring the defendant to litigate and the trial court to resolve issues that may not be dispositive.

KAVANAGH, C. J. I dissent for the reasons stated by my Brothers WILLIAMS and LEVIN. I also dissent because one of the issues raised on appeal is whether the defendant and the people should be put to the expense and trouble of a criminal trial after 18 years. This order resolves that issue without specifying any reason for so doing, contrary to the mandate of § 6 of Article 6, Constitution 1963.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, *Stephen M. Wheeler,* Chief of Appellate Division, for the people. *Robert A. Burt* and *Francis A. Allen* for defendant-appellant. Reported below: 57 Mich App 556.