## PEOPLE v ANGLIN

Docket No. 46414. Submitted June 11, 1980, at Lansing.—Decided October 2, 1980. Leave to appeal applied for.

Bobby Anglin was convicted, on his plea of guilty, of attempted prison escape, Jackson Circuit Court, Charles J. Falahee, J. Defendant appeals, alleging that because the prosecution did not bring the case to trial within 180 days the people lost jurisdiction to try the cause. *Held:*

The defendant was arrested on the escape charge on February 6, 1978, and pled guilty on April 9, 1979. The record does not support a finding of good faith on the part of the prosecutor that would justify the length of the delay. Furthermore, the 180-day rule makes no distinction between crimes committed prior to incarceration and those committed during incarceration.

Reversed.

1. PROSECUTING ATTORNEYS — PRISONERS — UNTRIED WARRANTS — STATUTES.

Failure of a prosecutor who has received notice to take good faith action on an untried warrant, indictment, information, or complaint against an inmate within 180 days and to proceed promptly thereafter in readying the case for trial will result in the loss of jurisdiction over the case by the courts (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

2. PROSECUTING ATTORNEYS — PRISONERS — UNTRIED WARRANTS — STATUTES.

The statute which requires a prosecutor to take action against an inmate within 180 days of receipt of notice of any untried warrant, indictment, information, or complaint against the inmate applies to crimes committed during incarceration as well as to those committed prior to incarceration (MCL 780.131; MSA 28.969[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 255.
[2] 21 Am Jur 2d, Criminal Law § 249.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, and *John Nussbaumer,* Research Attorney, for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant appeals of right his April 9, 1979, guilty plea conviction of attempted prison escape. On May 23, 1979, he was sentenced to a term of six months to five years imprisonment, the sentence to run consecutively to the three to ten year sentence for breaking and entering that defendant was serving at the time of the attempted escape. We reverse.

Defendant first argues that the people lost jurisdiction to try the instant charge by their failure to bring this case to trial within 180 days as is required by the applicable statute. MCL 780.131; MSA 28.969(1). This statute requires:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the

term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

Failure of a prosecutor to comply with this statute and bring an inmate to trial within 180 days after receiving notice of any untried warrant results in the loss of jurisdiction over the warrant by courts of this state. MCL 780.133; MSA 28.969(3).

Although this statute does not actually obligate a prosecutor to conclude, or even commence, trial within the 180-day time period, it does require the prosecutor to take good faith action on the case during that period of time and to proceed promptly thereafter in readying the case for trial. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963). If a prosecutor takes such good faith action, jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959).

The record in this case indicates that defendant was arrested on the instant charge on February 6, 1978, was arraigned on it on May 16, 1978, but was not brought to trial on it until April 9, 1979. Even ignoring the 99-day delay between the time of defendant's arrest and his arraignment, we find the record insufficient to warrant a finding of prosecutorial good faith that would justify the 329-day delay that occurred thereafter between the date of arraignment and trial. Further, we are not persuaded by the prosecutor's argument that the

protection of the 180-day rule does not extend to defendants in cases such as the instant one that involve an offense committed while the defendant is already imprisoned. In *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), this Court specifically rejected any such contention, holding that inasmuch as MCL 780.131; MSA 28.969(1) does not distinguish between crimes committed prior to incarceration and those committed during it, any attempt to deny persons who commit crimes while imprisoned the protection of the 180-day rule violates the plain language of the statute, which admits of no such exception.

Therefore, because the prosecutor did not comply with the requirements of the 180-day rule, defendant's conviction of attempted escape is vacated and that charge is dismissed. In light of our disposition of this issue we find it unnecessary to discuss or resolve the other issues raised by defendant in his appeal.

Reversed.