PEOPLE v GRANDBERRY

Docket No. 46489. Submitted September 3, 1980, at Lansing.—Decided December 4, 1980.

Stanley Grandberry, while an inmate at the State Prison of Southern Michigan, was convicted of carrying a concealed weapon in Jackson Circuit Court, Gordon W. Britten, J. The defendant appeals, alleging that 1) the prosecution introduced insufficient evidence to sustain a conviction for carrying a concealed weapon, 2) the prosecutor erred by stating in the closing argument that some of the witnesses called by the defendant belonged to the same religious organization, and 3) he was denied his constitutional right to a speedy trial. *Held:*

1. The prosecuting attorney, in order to obtain a conviction for carrying a concealed weapon, must prove that the weapon used by the defendant was dangerous per se or that the instrument was used or intended for use as a weapon in a bodily assault or defense. A homemade knife which is pointed and ground down on both edges may be classified as a dangerous weapon per se.

2. Reversal of the defendant's conviction because the prosecutor stated in her closing argument that some of the witnesses called by the defendant belonged to the same religious group is not warranted where the defendant failed to object to such a statement at trial unless a manifest injustice would result. Here, no manifest injustice resulted.

3. The 293-day delay between the time the defendant was

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Weapons and Firearms §§ 1, 2, 8 *et seq.*
   Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.
[2, 3] 79 Am Jur 2d, Weapons and Firearms §§ 1, 2.
   Pocket or clasp knife as deadly or dangerous weapon for purposes of statute aggravating offenses such as assault, robbery, or homicide. 100 ALR3d 287.
[4] 5 Am Jur 2d, Appeal and Error §§ 553, 624-627, 797.
   75 Am Jur 2d, Trial §§ 283-285.
[5-7] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[8] 21 Am Jur 2d, Criminal Law §§ 549, 582.
[9] 21 Am Jur 2d, Criminal Law § 249 *et seq.*

arraigned and the time he was brought to trial does not give rise to a presumption of prejudice. No actual prejudice to the defendant's ability to rebut the charge was caused by the delay. Prejudice in the ability to defend is the most important consideration in determining if the constitutional right to a speedy trial has been violated. After the defendant moved for dismissal of the charges, the prosecutor took appropriate steps to try the matter. Since the delay was unexplained, it is attributed to the prosecutor. The defendant was not denied his constitutional right to a speedy trial.

4. The term of sentence imposed for a crime committed while a defendant is incarcerated or escaping from incarceration shall commence at the expiration of the sentence which the defendant was serving. The statute requiring an inmate to be brought to trial within 180 days after the Department of Corrections notifies in writing the prosecuting attorney of the county in which a warrant, indictment, information, or complaint is pending, of a defendant's whereabouts does not apply to offenses committed while the defendant was incarcerated and for which offenses mandatory consecutive sentences are provided. The purpose of the 180-day statute is to give the inmate who has pending offenses not yet tried an opportunity to have the sentences run concurrently. The 180-day statute does not apply to this case.

Affirmed.

1. WEAPONS — CONCEALED WEAPONS — REQUIREMENTS FOR CONVICTION — STATUTES.

A conviction for carrying a concealed weapon requires the prosecutor to prove that the weapon involved was dangerous per se, or that the instrument was used or intended for use as a weapon in a bodily assault or defense (MCL 750.227; MSA 28.424).

2. WEAPONS — CONCEALED WEAPONS — CRIMINAL LAW — STATUTES.

Daggers, dirks, stilettos and similar articles may be classified as dangerous weapons per se for purposes of the carrying a concealed weapon statute (MCL 750.227; MSA 28.424).

3. WEAPONS — CONCEALED WEAPONS — HOMEMADE KNIVES — STATUTES.

A homemade knife which is pointed and ground down on both edges may be construed as similar to a dagger, dirk, or stiletto, and may be classified as a dangerous weapon per se for purposes of the carrying a concealed weapon statute.

4. APPEAL — CRIMINAL LAW — MANIFEST INJUSTICE.

Absent a showing of manifest injustice to a criminal defendant, reversal of his conviction is unwarranted for an alleged prejudice where the defendant did not object to a prosecuting attorney's stating in his closing argument that some of the witnesses called by the defendant belonged to the same religious organization.

5. CRIMINAL LAW — SPEEDY TRIAL.

The factors to be considered in determining whether a defendant's right to a speedy trial has been violated include: the length of the delay; the reason for the delay; the defendant's assertion of his right to a speedy trial; and the prejudice to the defendant.

6. CRIMINAL LAW — SPEEDY TRIAL.

Prejudice in a defendant's ability to defend is the most important consideration in determining if his constitutional right to a speedy trial has been violated.

7. CRIMINAL LAW — SPEEDY TRIAL.

Delay in a criminal defendant's being brought to trial, where unexplained, is attributed to the prosecution for purposes of the right to a speedy trial.

8. CRIMINAL LAW — SENTENCING — INCARCERATED DEFENDANT — STATUTES.

The term of sentence imposed for a crime committed while a defendant is incarcerated or escaping from incarceration shall commence at the expiration of the sentence which the person was serving (MCL 768.7a; MSA 28.1030[1]).

9. CRIMINAL LAW — SPEEDY TRIAL — STATUTES.

The statute requiring a prosecutor to commence trial within 180 days of receiving notice that the defendant is incarcerated does not apply to offenses committed while in prison and for which mandatory consecutive sentences are provided (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant appeals of right his June 4, 1979, conviction for carrying a concealed weapon in contravention of MCL 750.227; MSA 28.424. On June 28, 1979, he was sentenced to a term of one to five years imprisonment.

The incident out of which defendant's conviction arose occurred on August 10, 1978. At that time, defendant was an inmate at the State Prison of Southern Michigan.

Defendant first asserts that the prosecution introduced insufficient proofs to sustain a conviction pursuant to MCL 750.227; MSA 28.424. A conviction under this statute requires the prosecution to prove that the weapon was dangerous per se, or that the instrument was used, or intended for use, as a weapon in a bodily assault or defense. *People v Brown,* 406 Mich 215, 222; 277 NW2d 155 (1979).

In the instant case, defendant was carrying a homemade knife. The trial court, which sat as the fact finder, specifically found that this knife constituted a dangerous weapon per se. Defendant argues, however, that only the weapons specifically referenced in the statute, "daggers, dirks, or stilettos", can be considered dangerous per se. We disagree. In *People v Vaines,* 310 Mich 500, 505; 17 NW2d 729 (1945), which was reaffirmed by *Brown, supra,* the Court held that daggers, dirks, stilettos, *and similar articles* may be classified as dangerous weapons per se. In our opinion, a homemade knife which is pointed and ground down on both edges may be construed as similar to a dagger, dirk, or stiletto, and thus may be permissibly classified as a dangerous weapon per se. Particularly in light of the fact that the knife was being

possessed in prison, where there exists no legitimate reason for carrying such a weapon, the court's finding that it was dangerous per se was not erroneous.

Although the trial court found that defendant took the knife from another inmate in a peacemaking capacity, this does not invalidate the conviction. The court also held that defendant ultimately intended to return the knife to the prisoner who owned it.

Defendant next contends the prosecutor injected error into the proceedings by stating in her closing argument that some of defendant's witnesses belonged to the same religious organization. No objection was lodged against the remark. As such, absent a showing of manifest injustice, reversal would be unwarranted. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

The purpose of the remark was to challenge the witnesses' credibility by showing how they may have been capable of communicating with one another, and thus, able to concoct a story for defendant's benefit. Assuming, *arguendo,* that the argument improperly injected religion into the proceedings, it is apparent that no manifest injustice resulted. The witnesses testified as to defendant's peacemaking efforts which resulted in his possession of the knife. The trial court in rendering its verdict accepted this testimony as true.

Defendant's next contention is that the 293-day delay between the time of his arraignment and the date of his trial violated his constitutional right to a speedy trial. The United States Supreme Court in *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972), formulated a four-factor test to be applied in determining if speedy trial rights have been violated. The factors to be consid-

ered are: length of delay, reason for delay, defendant's assertion of his right to a speedy trial, and prejudice to the defendant. This test has been adopted by the Michigan Supreme Court. *People v Grimmett,* 388 Mich 590, 606; 202 NW2d 278 (1972).

The 293-day delay does not give rise to a presumption of prejudice. *People v Hansma,* 84 Mich App 138, 149; 269 NW2d 504 (1978). No actual prejudice to defendant's ability to rebut the charge was caused by the delay. Prejudice in the ability to defend is the most important consideration in determining if the constitutional right to a speedy trial has been violated.

Defendant moved for dismissal of the charges on May 21, 1979. He was tried within two weeks of the motion to dismiss. Taking this motion as an assertion of defendant's right to a speedy trial, we find that when demanded, the prosecution took appropriate steps to try the matter.

The reason for the delay was unexplained. For purposes of the right to a speedy trial, the delay is thus attributed to the prosecution. *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976). On balance, we conclude that defendant was not denied his constitutional right to a speedy trial.

Defendant also asserts that the 293-day delay violated the 180-day rule of MCL 780.131; MSA 28.969(1). Relying on *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), the prosecution contends that the statute does not apply to inmates who commit crimes while in prison since concurrent sentences cannot be imposed for such crimes. Recently, however, *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), held that the 180-day rule specifically applies to offenses committed during incarceration, rejecting the *Loney* rationale.

We are convinced that *Loney* and *People v Ewing*, 101 Mich App 51; 301 NW2d 8 (1980), represent the better view.

Where a person incarcerated in a penal institution is convicted and sentenced for committing a crime while incarcerated or during escape, the term of sentence imposed for a crime so committed shall commence at the expiration of the sentence which the person is serving. MCL 768.7a; MSA 28.1030(1).

*Loney* expressed the opinion that the 180-day statute did not apply to the offenses committed while in prison, for which offenses mandatory consecutive sentences are to be served, reasoning:

" 'In formulating the statutory language, the legislature sought to protect those who face multiple charges against undue delay in trial when they are jailed in State prison while untried charges are still pending. The statute seeks to secure to those serving sentences in a State prison the enjoyment of the rule of law which, in the absence of a statute otherwise providing, prohibits imposition of a sentence to commence upon completion or expiration of another sentence.' *People v Williams* (1968), 9 Mich App 676, 682, citing *In re Carey* (1964), 372 Mich 378.

"The purpose of the statute is clear. It was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. This purpose, however, does not apply in the instance of a *new* offense committed *after* imprisonment, nor where the statute, as in the case of an escape or attempted escape, sets up a mandatory consecutive sentence. The legislature was not concerning itself with the need for dispatch in the handling of a charge brought against an inmate for offenses committed *while* in prison.

\* \* \*

"For the foregoing reasons, it is the opinion of this

Court that the 180-day statute does not and was not intended to apply to offenses committed while in prison and for which offenses mandatory consecutive sentences are provided." *People v Loney, supra,* 292-293.

As stated above, we believe that *Loney* and *Ewing* express the correct view. Accordingly, we affirm the conviction and sentence in the case at bar.

Affirmed.