PEOPLE v MARCELLIS

Docket No. 49796. Submitted March 2, 1981, at Lansing.—Decided April 22, 1981. Leave to appeal applied for.

Cherokee Marcellis, an inmate at Jackson Prison, was charged with carrying a concealed weapon while in prison and with being a habitual offender. Nearly 13 months later, defendant was convicted on the concealed weapon charge following a bench trial in Jackson Circuit Court, Gordon W. Britten, J. Defendant's pretrial motion to dismiss the charges on the basis of the failure of the prosecution to bring him to trial within 180 days of the bringing of the charges had been denied. In a separate bench trial immediately following the concealed weapon trial, defendant was found to be a habitual offender. Defendant appeals. *Held:*

The statutory requirement that prison inmates be brought to trial on pending untried charges within 180 days is not rendered inapplicable by the fact that the sentence on the subsequent charge would run consecutively to the sentence being served. The mandate of the statute applies to all cases tried subsequent to the enactment of the statute rather than merely to those cases tried after the date the Court of Appeals rendered its decision that the statute applied to consecutive sentence situations.

Reversed.

ALLEN, J., dissented. He would affirm the concealed weapon conviction. He would hold that the statutory 180-day rule does not apply to consecutive sentence situations and, even if the statute should be interpreted to apply to consecutive sentence situations, that interpretation should not be applied retroactively to this case which was tried prior to the decisional date of the opinion of the Court of Appeals which adopted this new interpretation of the intent of the statute. He, however, would reverse the habitual offender conviction because of the absence

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 249, 547, 549.
[5] 21 Am Jur 2d, Criminal Law § 219.

of a specific on-the-record waiver by defendant of his right to a jury trial on the habitual offender charge.

## OPINION OF THE COURT

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — STATUTES.

The 180-day statutory limitation on bringing an inmate to trial on pending untried charges is not rendered inapplicable by the fact that the sentence on the subsequent charge would run consecutively to the sentence being served (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — RETROACTIVITY — STATUTES.

The determination by the Court of Appeals that the 180-day statutory limitation on bringing an inmate to trial on pending untried charges is to be applied even where the sentence to be imposed would be consecutive to the sentence being served is controlling in any case tried subsequent to the enactment of the statute, not merely to those cases tried after the decisional date of the opinion of the Court of Appeals holding that the 180-day rule applied to consecutive sentence situations (MCL 780.131; MSA 28.969[1]).

## DISSENT BY ALLEN, J.

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

*The 180-day statutory limitation on bringing an inmate to trial on pending untried charges does not apply where the sentence on the subsequent charge would run consecutively to the sentence being served (MCL 780.131; MSA 28.969[1]).*

4. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — CONSECUTIVE SENTENCES.

*Application of the statutory 180-day limitation on bringing an inmate to trial on pending untried charges to situations where the sentence on the subsequent charge would run consecutively to the sentence being served should be prospectively applied, since there has been reliance on prior holdings of the Court of Appeals that said limitation does not apply where the sentence on the subsequent charge would be consecutive to the sentence being served.*

5. CRIMINAL LAW — TRIAL — JURY TRIALS — WAIVER.

*Waiver of a jury trial on an underlying felony charge does not constitute a waiver of a jury trial on a habitual offender charge*

*flowing from the conviction of the underlying felony; reversal of a conviction as a habitual offender following a bench trial on that charge is mandated where the record does not establish that the defendant specifically waived his right to a jury trial on the supplemental charge.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson,* for defendant.

Before: M. F. Cavanagh, P.J., and Allen and J. H. Gillis, JJ.

M. F. Cavanagh, P.J. We adopt the statement of facts as set forth by our brother Allen but disagree that *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), and *People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980), correctly interpret MCL 780.131; MSA 28.969(1). Following instead the rationale of *People v Moore,* 96 Mich App 754, 760-762; 293 NW2d 700 (1980), and *People v Anglin,* 102 Mich App 118; 301 NW2d 470 (1980), we hold that the 180-day rule was violated under the facts of this case.

We also disagree with our brother that this interpretation of the 180-day rule ought to be applied prospectively only. *Moore, supra,* and *Anglin, supra,* are simply interpretations of a statute. As such, they would be applicable to any case tried subsequent to the enactment of the statute. The instant case would certainly fall within this purview.

Accordingly, we would reverse defendant's conviction for carrying a concealed weapon, MCL 750.227; MSA 28.424. We note our agreement with our brother Allen's discussion of the defective

jury waiver. However, having reversed the principal conviction, we need not address further the validity of the habitual offender conviction.

J. H. GILLIS, J., concurred.

ALLEN, J. *(dissenting).* On December 20, 1979, defendant was found guilty of carrying a concealed weapon while he was a resident of Jackson Prison, contrary to MCL 750.227; MSA 28.424, and of being an habitual offender under MCL 769.11; MSA 28.1083. Sentenced January 24, 1980, to three to ten years in prison, commencing at the termination of the sentence defendant was then serving, defendant appeals of right raising six grounds of error as to the charge of carrying a concealed weapon and one ground of error as to the charge of being an habitual offender.

I

The charge of carrying a concealed weapon stems from an incident occurring November 2, 1978, at Jackson Prison when defendant ran from a guard and allegedly threw an object, later found to be a knife, into a trash can. November 28, 1978, defendant was arrested, charged and arraigned in district court. Nearly 13 months passed before defendant was finally brought to trial. On February 5, 1979, defendant filed a demand for speedy trial. On December 19, 1979, one day before his trial, defendant filed a motion to dismiss, grounded on the alleged violation of the 180-day rule. MCL 780.131; MSA 28.969(1). The motion to dismiss was denied.

Defendant claims that the prosecution violated the 180-day rule, contrary to MCL 780.131; MSA 28.969(1), and thus, the trial court was without

jurisdiction to hear the matter. MCL 780.133; MSA 28.969(3). The record discloses the defendant was not responsible for the delay. The prosecution, in good faith, relying upon this Court's decision in *People v Loney,* 12 Mich App 288, 292; 162 NW2d 832 (1968), placed this case at the bottom of the list of cases awaiting trial. On April 21, 1980, *Loney* was rejected by a panel of this Court in *People v Moore,* 96 Mich App 754, 761; 293 NW2d 700 (1980), which held:

"We find no ambiguity in the 180-day rule statute that would permit us to make exceptions in the application of its plain language. Even if it were reasonable and otherwise valid to distinguish, as *Loney* did, between inmates who commit criminal offenses prior to incarceration and those who commit them subsequently, the distinction is one that the Legislature, not this Court, should make. However, our decision here rests not only on the concept of separation of powers, but also upon our belief that the rationale underlying *Loney* is no longer completely valid."

On October 2, 1980, a different panel of this Court followed *Moore* on the basis that the statute does not distinguish between crimes committed prior to incarceration and those during incarceration. *People v Anglin,* 102 Mich App 118; 301 NW2d 470 (1980).[1] On October 23, 1980, a third panel of this Court rejected *Moore* and reaffirmed *Loney. People v Ewing,* 101 Mich App 51, 58-59; 301 NW2d 8 (1980). The *Ewing* court reasoned:

"As the people's brief so aptly points out, the language of the statute clearly indicates that it was not intended to cover the instant factual situation. When applied to an inmate who commits an offense during

---

[1] *Anglin* was originally an unpublished opinion, but a request for publication was subsequently granted.

the period of incarceration, the notice provisions of the statute are rendered superfluous. Section 1 directs the Department of Corrections, upon first receiving notice of a pending untried warrant or information, to notify the appropriate prosecuting attorney's office of defendant's place of imprisonment. The 180-day limitation is to commence running upon delivery of such notice. When the defendant is charged with an offense committed after incarceration, the prosecutor is obviously aware of defendant's location when he authorizes issuance of the warrant and notice is unnecessary.

"Where, as here, the language of a statute is clear and unambiguous, any inquiry into legislative intent is unnecessary and the statute will be applied as written. The *Loney* interpretation of MCL 780.131; MSA 28.969(1) reflects a reasonable legislative intent to preserve and encourage the practice of concurrent sentencing when appropriate."

It is this writer's opinion that *Loney-Ewing* represent the better rule. Where, as in the instant case and in *Loney-Ewing,* a defendant faces a mandatory consecutive sentence, personal prejudice in delay in trial is absent since any delay in trial does not result in the defendant having to serve more time. Further, even without the 180-day rule, all defendants serving time in prison and charged with an offense while so serving are protected by their constitutional right to a speedy trial. This writer agrees with the prosecution that application of the 180-day statute to such defendants "would simply provide them with a procedural escape hatch above and beyond any constitutional right to a speedy trial where, due to [the] mandatorially consecutive nature of their sentences, they are not harmed by the delay and yet must receive preferential treatment in scheduling over other cases".

If the ruling in *Moore-Anglin* is adopted, the

ruling should not be given retroactive effect.[2] Trial courts of this state had no reason to believe the *Loney* rule was suspect. It has been expressly followed or quoted with approval. *People v Parker,* 21 Mich App 399; 175 NW2d 879 (1970), and *People v Theodore Williams,* 66 Mich App 521; 239 NW2d 653 (1976). Defendant was convicted in December, 1979, and sentenced in January, 1980. *Moore* was not decided until April 21, 1980. As noted in footnote 1 of the opinion in *Ewing, supra,* the bench and bar in Jackson County had placed heavy reliance on the validity of *Loney* in scheduling cases for trial. To apply *Moore* retroactively would severely prejudice the proper administration of justice because it would divest the circuit court of Jackson County of jurisdiction to proceed to trial on all such scheduled cases. Under similar circumstances involving loss of jurisdiction because of the adoption of a new rule or statutory interpretation, it has been held that the new interpretation should not be applied retroactively. *People v Fields,* 391 Mich 206; 216 NW2d 51 (1974), *Gosa v Mayden,* 413 US 665; 93 S Ct 2926; 37 L Ed 2d 873 (1973).

II

Having decided that no error was committed in the trial on the charge of carrying a concealed weapon while in prison,[3] this writer turns to the question of whether the trial court erred when it found defendant guilty of the habitual offender

---

[2] The question of whether *Moore* should be applied retroactively is of first impression. It was not addressed in either *Moore* or *Anglin.*

[3] In addition to claiming error because of noncompliance with the 180-day trial rule, defendant raised five other issues alleging error in the trial for carrying a concealed weapon. Careful examination of the record and briefs on these issues discloses that they are without merit. Therefore, they are not discussed in this opinion.

charge. On December 19, 1979, the day before trial
on the underlying charge, defendant signed a sin-
gle jury trial waiver form. After defendant was
found guilty of carrying a concealed weapon, the
prosecutor proceeded upon the supplemental infor-
mation charging defendant as a third-felony of-
fender. However, nowhere in the record does it
appear that defendant signed a jury trial waiver
form as to the supplemental charge. Defendant
claims that the failure to sign a separate waiver is
error, while plaintiff contends that a general
waiver on the underlying offense constitutes an
effective waiver on the supplemental charge. The
question raised is of first impression.

 Though defendant did not object to his nonjury
trial on the supplemental charge, this Court has
held that the failure to object will not preclude
appellate review. *People v Edwards,* 51 Mich App
403, 405; 214 NW2d 909 (1974). In *People v
Hamm,* 100 Mich App 429; 298 NW2d 896 (1980),
the defendant waived a jury trial, but that trial
resulted in a mistrial. This Court held that the
defendant's initial waiver had relation only to the
first trial. When the case was remanded for a
second trial, the parties were returned to their
original position and defendant's original waiver of
jury trial was nullified. In the instant case, defen-
dant never waived his right to trial by jury on the
record. Thus, the waiver statute was not complied
with. *People v Henry Brown,* 57 Mich App 568;
226 NW2d 563 (1975). The single waiver form
contained in the court file does not indicate in
which of the trials defendant wished to waive a
jury. *People v Rimmer,* 59 Mich App 645; 230
NW2d 170 (1975), held that even though the court
file contained a written waiver, the statute is not
complied with unless the waiver of trial by jury is

made in open court. Finally, a waiver of right to jury trial will not be presumed from a silent record. *Edwards, supra.*

Defendant was tried separately on the habitual offender charge. Even assuming *arguendo* that the waiver form was addressed to the habitual offender trial, that waiver never complied with the statute because it was not made a part of the record in open court. *Rimmer, supra, Brown, supra.* Therefore, I would reverse defendant's conviction and sentence under the habitual offender statute.

I would affirm the conviction for carrying a concealed weapon, MCL 750.227; MSA 28.424. I would reverse the conviction as a habitual offender, MCL 769.11; MSA 28.1083.