PEOPLE v RICH

Docket No. 52889. Submitted June 10, 1981, at Lansing.—Decided October 21, 1981.

Harold Rich was convicted of escaping from prison and of being an habitual criminal, Jackson Circuit Court, James G. Fleming, J. He appeals, alleging that the trial court lacked subject matter jurisdiction because he was not brought to trial within 180 days from the date his arrest warrant was issued and that the trial court erred in refusing to subpoena certain defense witnesses, in denying his request for a court-appointed psychiatrist, and in improperly admitting hearsay evidence. *Held:*

1. The 180-day rule did not apply to this case. The defendant committed the offenses while a prison inmate and the sentences as mandated by statute are consecutive. The trial court had subject matter jurisdiction.

2. The trial court properly exercised its discretion in denying the defendant's request to subpoena certain defense witnesses.

3. The trial court properly denied the defendant's request for a court-appointed psychiatrist. The defendant did not enter a plea of insanity and was not otherwise entitled to the appointment of a psychiatrist.

4. The admission of certain transcripts by the trial court, alleged to constitute hearsay evidence, if error, was harmless, the evidence being merely cumulative.

Affirmed.

M. F. CAVANAGH, J., concurred. He would hold that the 180-day rule is applicable to the case, but that the prosecutor made

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 21A Am Jur 2d, Criminal Law §§ 850, 857.
   63 Am Jur 2d, Prosecuting Attorneys §§ 26, 27.
[2] 21A Am Jur 2d, Criminal Law §§ 953, 954.
[3] 21A Am Jur 2d, Criminal Law § 1006.
   Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition. 32 ALR2d 434.
[4] 5 Am Jur 2d, Appeal and Error §§ 776, 806.
   29 Am Jur 2d, Evidence § 493.

the required good faith effort to bring the matter to trial within the required period of time. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — 180-DAY RULE — INCARCERATED PERSONS — STATUTES.

The statute which requires that a prosecuting attorney make a good faith effort to commence proceedings against an incarcerated defendant within 180 days after notice and request for final disposition of charges by the Department of Corrections does not apply where the offenses charged were committed while the defendant was a prison inmate and for which consecutive sentences are provided upon conviction (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — COMPULSORY PROCESS.

The decision whether to grant a request by an accused to subpoena certain defense witnesses is discretionary with the trial court.

3. CRIMINAL LAW — PSYCHIATRIC WITNESSES — INSANITY DEFENSE — PAUPERS — STATUTES.

An indigent criminal defendant does not have a right to have a psychiatrist appointed by the trial court at public expense to verify the sincerity of his defense; the statutory right to such an appointment obtains upon the pleading of a defense of insanity (MCL 768.20a[3]; MSA 28.1043[1][3]).

4. EVIDENCE — HEARSAY EVIDENCE — CRIMINAL LAW.

Admission of hearsay evidence during a criminal trial constitutes error; but the error is harmless where the same facts are shown by other competent evidence.

CONCURRENCE BY M. F. CAVANAGH, J.

5. CRIMINAL LAW — 180-DAY RULE — INCARCERATED PERSONS — STATUTES.

*A prosecutor must make a good faith effort to commence proceedings against an incarcerated defendant within 180 days after notice and request for final disposition of charges by the Department of Corrections notwithstanding the fact that the offenses charged were committed in prison and that consecutive sentences are provided upon conviction therefor (MCL 780.131; MSA 28.969[1]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Parker, Adams & Mazur, P.C.,* for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

DANHOF, C.J. Defendant was convicted by a jury of prison escape, MCL 750.193; MSA 28.390. He was also convicted by a second jury of being a second-offense habitual criminal, MCL 769.10; MSA 28.1082. Defendant was sentenced to from 3 to 7-1/2 years imprisonment. He appeals as of right.

Defendant's convictions arose from the following set of facts. Defendant walked away from the Root Farm Division of the State Prison of Southern Michigan on August 21, 1978. His stated purpose for leaving prison was to commence an appeal of a probate decision terminating his parental rights as to his minor children. After leaving prison, defendant discovered that his attorney had already perfected the appeal on his behalf. Instead of returning to prison, however, he traveled to Texas and Florida allegedly searching for the person who he claimed had committed the crimes for which he had been imprisoned.

The first issue we address is whether the trial court lacked subject matter jurisdiction because defendant was not brought to trial within 180 days of the date on which the warrant for his arrest

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was issued in contravention of MCL 780.131; MSA 28.969(1).[1]

There is currently a split among various panels of this Court as to the applicability of the 180-day rule to offenses committed by a prison inmate where any sentences for such offenses would be mandatorily consecutive. Compare *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), *People v Grandberry,* 102 Mich App 769; 302 NW2d 573 (1980), *People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980), with *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), *People v Pitsaroff,* 102 Mich App 226; 301 NW2d 858 (1980), *People v Anglin,* 102 Mich App 118; 301 NW2d 470 (1980), *People v Woodruff,* 105 Mich App 155; 306 NW2d 432 (1981).

We endorse the reasoning of *Loney* and the cases following it and adopt their interpretation of MCL 780.131; MSA 28.996(1). The 180-day rule is not applicable to the instant case. In reaching this conclusion, we note that even if the 180-day rule were applicable to the instant fact situation there would be no violation of that rule.

The 180-day rule does not mandate that a trial be concluded, or even commenced, within 180 days. The statute merely requires that the prosecution take good faith action on the case during the 180-day period and that the prosecution proceed promptly in readying the case for trial. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963). If the prosecution takes good faith action to commence proceedings, jurisdiction thereafter will be lost only where the initial action is followed by an inexcusable delay on the part of the prosecution. *People v Hendershot,* 357 Mich 300; 98 NW2d 568

---

[1] See *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), for a discussion as to when the 180-day period commences to run.

(1959). As a general rule, unexplained delays in bringing a case to trial are attributable to the prosecution. *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976).

The record in the instant case indicates that a warrant was issued for defendant's arrest on August 1, 1979. Defendant was arraigned on September 4, 1979, and preliminary examination was set for September 13, 1979. On September 13, 1979, the prosecution was ready to proceed with the examination when defense counsel requested, and was granted, an adjournment. A new preliminary examination date was set for October 18, 1979. On that date defendant waived his right to a preliminary examination. Trial was set for February 13, 1980. The prosecution was prepared to proceed on that date but informed the court that defendant had been taken to another county on a warrant concerning another offense. The prosecution indicated that defendant would possibly be back later that day and trial could proceed. At this point, defense counsel indicated that even if defendant returned that afternoon, he would not be prepared to proceed and requested an adjournment. Defense counsel's request for an adjournment was granted, and trial was held on April 28, 1980.

Under these facts, we find that the prosecution took good faith action to proceed promptly in readying the case for trial during the 180-day period. Any delay was attributable to the defendant.

The next issue we address is whether the trial court erred by refusing to subpoena requested defense witnesses.

On April 18, 1980, defendant sought compulsory process of three witnesses pursuant to MCL 775.15; MSA 28.1252. This statute requires that a

defendant show "to the satisfaction of the judge presiding over the court wherein such trial is to be had * * * [that] he cannot safely proceed to a trial [without the proposed witness]". It is within the trial court's sound discretion as to whether compulsory process is to be used to obtain witnesses requested by the accused. See *People v William L Thomas,* 1 Mich App 118; 134 NW2d 352 (1965).

One of the requested witnesses was the attorney who represented defendant in the probate proceedings which resulted in termination of defendant's parental rights. This attorney was to testify that after defendant left prison he consulted him about perfecting the appeal on the probate matter. The other two witnesses were to substantiate that while defendant was in Florida after his escape he was employed and researched his original conviction in an attempt to show that it should be reversed. Since the proposed testimony of these witnesses was not relevant to any recognized defense to the charge of escape from prison, we find that the trial court did not abuse its discretion in denying defendant's request for compulsory process.

The third issue we address is whether the trial court erred in denying defendant's application for a court-appointed psychiatrist. There is no doubt that a defendant has a statutory right to a court-appointed psychiatrist when pleading insanity as a defense. MCL 768.20a(3); MSA 28.1043(1)(3). However, in the instant case defense counsel stated that defendant was not raising the insanity defense. Defendant merely wanted a psychiatrist to verify that he was "sincere" in his reasons for leaving prison. Since defendant did not seek a court-appointed psychiatrist for a purpose allowed under the statute, the trial court correctly denied the application.

Defendant also asserts that his conviction on the supplemental information was erroneously based on hearsay sentencing transcripts. However, even if defendant is correct in his conclusion that the complained-of transcripts were improperly admitted into evidence under MRE 803(6), we find no error requiring reversal. The erroneous admission of hearsay evidence is harmless error where the same facts are shown by other competent evidence. *People v Hoerl,* 88 Mich App 693, 702; 278 NW2d 721 (1979), *People v Petrov,* 75 Mich App 532; 255 NW2d 673 (1977).

In the instant case the contested transcripts were introduced by the prosecution after recross-examination by defense counsel as an afterthought. The complained-of evidence was merely cumulative. Other ample, competent evidence indicating that defendant had been convicted of manslaughter had already been introduced. Admission of the objected-to evidence, if error, was harmless.

Finally, we have carefully reviewed the other allegations of error raised by defendant and find them to be without merit.

Affirmed.

D. R. FREEMAN, J., concurred.

M. F. CAVANAGH, J. *(concurring).* I disagree that the 180-day rule is not applicable to the instant case. I find the more accurate analysis of that rule to be found in *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), and *People v Anglin,* 102 Mich App 118; 301 NW2d 470 (1980). However, as I am in agreement that the prosecution commenced good faith efforts to bring this matter to trial during the 180-day period, I concur in affirmance.