PEOPLE v MOORE

Docket No. 54878. Submitted September 16, 1981, at Grand Rapids.—
Decided December 1, 1981.

Charles E. Moore pled no contest to a charge of prison escape in
Kalamazoo Circuit Court after the court denied his motion to
dismiss. The motion to dismiss was based on the ground that
the prosecutor's failure to act to bring the prison escape charge
to trial within 180 days divested the court of jurisdiction to
decide the case. The court found the 180-day rule to be inappli-
cable, Patrick H. McCauley, J., and defendant was sentenced to
two to five years in prison, to be served consecutively to the
term defendant was serving at the time of his escape. Defen-
dant appeals. *Held:*

The 180-day rule applies only to those offenses for which
concurrent sentences are possible. When an offense is commit-
ted during imprisonment, a consecutive sentence is mandated
by statute. The circuit court properly found that the 180-day
rule did not divest it of jurisdiction over the case.

Affirmed.

T. M. BURNS, J., dissented. He would reverse the trial court's
order that denied defendant's motion to dismiss. He believes
that the purpose of the 180-day rule is to secure to state prison
inmates their constitutional right to a speedy trial and that the
majority's holding alters the unambiguous, express language of
the statute.

OPINION OF THE COURT

1. CRIMINAL LAW — 180-DAY RULE.

The 180-day rule in the statute which controls the time for
commencing a criminal prosecution against a person serving a
prison sentence was intended to protect the inmate's right to
concurrent sentencing and it applies only to those offenses for

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 552.

21A Am Jur 2d, Criminal Law § 857.

[3] 4 Am Jur 2d, Appeal and Error § 7.

73 Am Jur 2d, Statutes § 194.

which concurrent sentences are possible; when an offense is committed during imprisonment, a consecutive sentence is mandated by statute and the 180-day rule is inapplicable (MCL 780.131; MSA 28.969[1]).

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL — 180-DAY RULE.

   *The purpose of the 180-day rule in the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence is to secure to state prison inmates their constitutional right to a speedy trial (US Const, Am VI; Const 1963, art 1, § 20, MCL 780.131; MSA 28.969[1]).*

3. STATUTES — JUDICIAL CONSTRUCTION.

   *It is the function of the Court of Appeals to apply unambiguous statutes as written.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Angela M. Pasula,* Assistant Prosecuting Attorney, for the people.

*Wickett, Bartl, Haslett, Baugh & Laudenslager, P.C.,* for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. Defendant pleaded no contest to prison escape, MCL 750.195; MSA 28.392, and was sentenced to two to five years in prison, to be served consecutively to the term that defendant was serving at the time of the escape. He appeals by right, raising a single issue: whether the 180-day rule, MCL 780.131; MSA 28.969(1), applies to offenses carrying mandatory consecutive sentences.

Before offering his plea, defendant moved to dismiss the charge against him, arguing that the prosecutor's failure to act to bring the prison escape to trial within 180 days divested the court

of jurisdiction to decide the case. The court denied the motion, finding the 180-day rule inapplicable.

We agree with the circuit court. In *People v Loney*, 12 Mich App 288; 162 NW2d 832 (1968), we held that the Legislature intended that the statute protect an inmate's right to concurrent sentencing, so it should apply only to those offenses for which concurrent sentences were possible. We observed that when an offense is committed during imprisonment, a consecutive sentence is mandated by statute, so the purpose of the 180-day rule will not be served by applying it to such offenses.

*Loney* has been rejected by some members of this Court, including one member of this panel. *People v Marcellis*, 105 Mich App 662; 307 NW2d 402 (1981), *People v Anglin*, 102 Mich App 118; 301 NW2d 470 (1980), *People v Moore*, 96 Mich App 754, 760-762; 293 NW2d 700 (1980). *Loney* has been followed recently, however, in *People v Ewing*, 101 Mich App 52; 301 NW2d 8 (1980), and *People v Grandberry*, 102 Mich App 769; 302 NW2d 573 (1980). For the reasons discussed in *Loney* and its progeny, two members of this panel believe *Loney* represents the better rule. Accordingly, we hold that the circuit court properly found that the 180-day rule did not divest it of jurisdiction over the case.

Affirmed.

T. M. BURNS, J. *(dissenting).* As the author of this Court's opinion in *People v Moore*, 96 Mich App 754; 293 NW2d 700 (1980), I considered the question of whether persons incarcerated in this state who commit crimes are entitled to the benefits of the 180-day rule. I concluded that they were and have not been persuaded that that view is incorrect.

The majority mistakenly assumes that the purpose of the 180-day rule is only to insure concurrent sentencing. In *People v Hill,* 402 Mich 272, 280; 262 NW2d 641 (1978), the Supreme Court found that the purpose of the 180-day rule was to "secure to state prison inmates their constitutional right to a speedy trial". Persons incarcerated in the various institutions of this state are as much entitled to speedy trials as those who are not.

Further, the statute embodying the 180-day rule, MCL 780.131; MSA 28.969(1), does not except incarcerated defendants from its provisions. Plain language of the statute applies to all persons charged with crimes. In *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), this Court carved an exception into the 180-day rule on the basis of what it found to be the intent of the Legislature, to protect an inmate's right to concurrent sentencing. When critically examined, it is evident that the *Loney* opinion involves a situation of the tail wagging the dog. That is, on the basis of a finding of legislative intent not expressly stated in the statute, this Court has altered the expressed language of that statute.

It is the function of this Court to apply unambiguous statutes as written. The plain language of the 180-day rule applies to this case. Therefore, I respectfully dissent and would reverse the lower court's order that denied defendant's motion to dismiss.