PEOPLE v MENDOZA

Docket No. 52583. Submitted June 4, 1981, at Grand Rapids.—Decided August 18, 1981. Leave to appeal denied, 411 Mich 1084.

William Mendoza was convicted by a jury in Ionia Circuit Court of prison escape after the trial court refused to allow him to assert a defense of duress on the ground that he had failed to comply with the requirements of the prison break statute as it pertains to the defense of duress. Defendant was sentenced, James L. Banks, J., and now appeals. *Held:*

1. The trial court erred in requiring defendant to provide specific information pertaining to each factor which may be considered in determining the existence of duress under the prison break statute. The duress defense is available in Michigan whenever a defendant offers evidence that his escape was necessitated by an immediate threat of death or serious bodily injury, including a threat of homosexual attack. Once a defendant has shown this, he or the prosecution may offer evidence relating to the factors listed in the Michigan notice statute and the jury may consider these as bearing on a defendant's credibility. The notice that defendant filed was adequate to apprise

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 6, 12] 21 Am Jur 2d, Criminal Law § 148. 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 16.

Duress, necessity, or conditions of confinement as justification for escape from prison. 69 ALR3d 678.

[4, 9] 81 Am Jur 2d, Witnesses § 658.

Credibility of witness giving uncontradicted testimony as matter for court or jury. 62 ALR2d 1191.

[7, 8] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 1, 20.

[9] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 16, 19.

[10] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 19.

[11] 21 Am Jur 2d, Criminal Law §§ 194, 196, 197.

Validity and construction of statutes requiring defendant in criminal case to disclose matter as to alibi defense. 45 ALR3d 958.

[13] 29 Am Jur 2d, Evidence § 251.

[14] 21A Am Jur 2d, Criminal Law §§ 655, 659, 859, 861.

Excludable periods of delay under Speedy Trial Act (18 USCS § 3161 (h)). 46 ALR Fed 358.

[15] 21A Am Jur 2d, Criminal Law § 851.

the prosecution of what defendant would have presented at trial had he been allowed to introduce the defense. The trial court erred in refusing to allow the jury to consider defendant's proffered duress defense. Defendant's conviction must be reversed and a new trial held.

2. The trial court did not abuse its discretion by excluding evidence of sexual assaults on defendant that were made at the Jackson prison approximately two months before defendant was transferred to the Ionia facility from which defendant escaped.

3. The trial court did not err by denying defendant's motion to dismiss for the prosecution's failure to bring this action to trial within 180 days of defendant's arrest.

Reversed and remanded for a new trial.

1. CRIMINAL LAW — ESCAPE — DEFENSES — DURESS — STATUTES.

It was error for a trial court to rule that a defendant on trial for prison escape was required to include in his notice of intent to assert a defense of duress competent evidence on each of the several factors enumerated in the notice statute and that, by failing to do so, the defendant would be precluded from asserting the defense at trial (MCL 768.21b; MSA 28.1044[2]).

2. CRIMINAL LAW — ESCAPE — DEFENSES — DURESS — NECESSITY — COMMON LAW.

Duress or necessity is a defense, under common law, to the crime of prison escape in certain limited circumstances.

3. CRIMINAL LAW — ESCAPE — DEFENSES — HOMOSEXUAL ATTACKS.

A prison escape may be justified by the immediate threat of a homosexual attack.

4. CRIMINAL LAW — ESCAPE — WITNESSES.

The determination of the credibility of a prisoner's explanation of why he escaped from prison lies solely within the province of the factfinder and is to be determined within the facts of each case as it arises.

5. CRIMINAL LAW — DURESS — EVIDENCE.

A defendant successfully raises the defense of duress in an action for prison escape where he presents evidence from which a jury could conclude that: (1) the threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm; (2) the conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant; (3) the fear or duress was operating upon the mind of the

defendant at the time of the alleged act; and (4) the defendant committed the act to avoid the threatened harm.

6. CRIMINAL LAW — ESCAPE — DEFENSES — DURESS — STATUTES.
   A defendant who wishes to assert a duress defense to a charge of prison escape must file a notice of such intent containing the names of those persons whom defendant intends to call as witnesses and specific information concerning the defense with the court within 15 days of arraignment, but not less than 10 days before trial (MCL 768.21b; MSA 28.1044[2]).

7. CRIMINAL LAW — ESCAPE.
   Prison escape is not considered to be a continuing offense in Michigan.

8. CRIMINAL LAW — ESCAPE.
   The offense of prison escape is complete at the time the escape from prison is made.

9. CRIMINAL LAW — ESCAPE — DEFENSES — DURESS — STATUTES.
   The duress defense to prison escape is available in Michigan whenever a defendant offers evidence that his escape was necessitated by an immediate threat of death or serious bodily injury, including a threat of homosexual attack; once a defendant has shown this, he or the prosecution may offer evidence relating to the factors listed in the Michigan notice statute and the jury may consider these as bearing on a defendant's credibility (MCL 768.21b; MSA 28.1044[2]).

10. CRIMINAL LAW — ESCAPE — DEFENSES — DURESS — STATUTES.
    A defendant need not offer specific information relating to each of the factors listed in the prison break statute which may be considered in determining the existence of duress in his notice of intent to assert a duress defense because it is not necessary that he offer evidence at trial on each of the statutory factors (MCL 768.21b; MSA 28.1044[2]).

11. CRIMINAL LAW — DEFENSES — ALIBI.
    A defendant who seeks to present an alibi defense may himself testify even if his notice of intent to assert an alibi defense is inadequate under the statute (MCL 768.20; MSA 28.1043).

12. CRIMINAL LAW — ESCAPE — DURESS.
    A trial court committed error requiring reversal by precluding a defendant from presenting a duress defense to a charge of prison escape on the grounds that the defendant had failed to include in his notice of intent to assert a duress defense specific

information on each of the several factors enumerated in the notice statute where the defendant's notice was sufficiently specific to inform the prosecution of the circumstances which the defendant believed constituted duress (MCL 768.21b; MSA 28.1044[2]).

13. EVIDENCE — RELEVANCY OF EVIDENCE.

The determination of whether proffered evidence is material and relevant rests with the trial court.

14. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — STATUTES.

The 180-day statutory limitation on bringing an inmate to trial on pending untried charges does not apply to crimes committed during the period of incarceration or where, upon conviction, a mandatory consecutive sentence is required by statute (MCL 780.131; MSA 28.969[1]).

15. PRISONS AND PRISONERS — CONSTITUTIONAL LAW — SPEEDY TRIAL.

An incarcerated defendant remains protected by his constitutional right to a speedy trial (US Const, Am VI, Const 1963, art 1, § 20).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Randy H. Smith,* Prosecuting Attorney, for the people.

*Weitzel, Frye, Mullendore & Carr,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

ALLEN, J. What must a defendant show before the affirmative defense of duress can be submitted to a jury in a trial for prison escape? Defendant raises this issue of first impression after the trial court refused to submit the duress defense to a jury and defendant was convicted on May 7, 1980, of prison escape. MCL 750.193; MSA 28.390. Defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant was sentenced to 18 months to five years in prison and appeals by right.

Defendant filed a notice of intent to assert a defense of duress as required by MCL 768.21b; MSA 28.1044(2). The prosecution requested that the trial court order defendant to submit more specific information and that defendant be required to name those persons whom he intended to call as witnesses. The court ruled that, if defendant failed to name any witnesses, only he would be allowed to testify at trial and the jury would be able to assess his credibility. The court also ruled that, unless defendant filed more specific information, he would be restricted at trial to the information supplied in the notice. Finally, the court adjourned trial to give defendant an opportunity to amend his notice and to give the prosecution time to investigate defendant's claim.

Defendant filed an amended notice which asserted that while at the State Prison of Southern Michigan at Jackson, Michigan, and at the Michigan Training Unit at Ionia, defendant was threatened with homosexual attacks by certain unnamed inmates and was told that some unspecified harm would come to him if he failed to comply. The prosecution again asked the trial court to strike defendant's notice for failing to provide the names of defendant's alleged attackers and for failing to provide specific dates of the alleged incidents. The trial court ruled that any evidence concerning events not occurring at the Michigan Training Unit would be striken but that defendant would be allowed to introduce competent evidence concerning the incidents at the Michigan Training Unit.

Approximately two months later, the prosecution sought to have the defense excluded on a different ground. The trial court ruled that the

defendant was required to include in his notice competent evidence on each of several factors enumerated in the notice statute and that, for his failure to do so, defendant would be precluded from asserting the defense at trial. This Court holds that the trial court erred in requiring evidence of each factor and finds that defendant's conviction must be reversed and a new trial held.

The common law has recognized that duress or necessity may be a defense to the crime of prison escape in certain limited circumstances. Anno: *Duress, Necessity, or Conditions of Confinement As Justification for Escape From Prisons,* 69 ALR3d 678. Michigan was among the first states to recognize that a prison escape would be justified by the immediate threat of a homosexual attack. *People v Harmon,* 53 Mich App 482, 486; 220 NW2d 212 (1974), *aff'd* 394 Mich 625; 232 NW2d 187 (1975). In recognizing this defense, this Court found that the determination of the credibility of a prisoner's explanation lies "solely within the province of the factfinder and is to be determined within the facts of each case as it arises". *People v Harmon, supra,* 487.

After the *Harmon* decision, the California Court of Appeals recognized the duress defense but held that it was available only when five conditions exist:

"(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

"(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

"(3) There is no time or opportunity to resort to the courts;

"(4) There is no evidence of force or violence used

towards prison personnel or other 'innocent' persons in the escape; and

"(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat." *People v Lovercamp,* 43 Cal App 3d 823, 831-832; 118 Cal Rptr 110; 69 ALR3d 668 (1974). (Footnote omitted.)

After the *Lovercamp* decision, some states required that a defendant produce some evidence on each of the five criteria. *Iowa v Reese,* 272 NW2d 863, 866 (Iowa, 1978). Others, however, have held that, while all five factors are relevant in determining the credibility of the defendant, not all must be present before a jury can consider the defense. *State v Baker,* 598 SW2d 540, 545-546 (Mo App, 1980), *Esquibel v New Mexico,* 91 NM 498, 501; 576 P2d 1129 (1978), *People v Unger,* 66 Ill 2d 333, 342; 362 NE2d 319 (1977).

In *People v Luther,* 394 Mich 619; 232 NW2d 184 (1975), the Michigan Supreme Court held that a defendant successfully raises the duress defense, requiring the prosecution to disprove duress beyond a reasonable doubt, when the defendant presents evidence from which a jury could conclude:

"A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

"B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

"C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

"D) The defendant committed the act to avoid the threatened harm." *People v Luther, supra,* 623.

The Supreme Court rejected the prosecution's argument that Michigan should require evidence on all five criteria listed in *Lovercamp,* but held:

"To the extent that competent evidence may be produced as to any of these conditions, it is relevant to the claim of duress. As such, it should be submitted to the jury." *Luther, supra,* 623.

After *Luther* was decided, the Michigan Legislature enacted MCL 768.21b; MSA 28.1044(2), which requires a defendant wishing to assert a duress defense to file with the court a notice of such intent within 15 days of arraignment, but not less than 10 days before trial. The notice must contain the names of those persons whom defendant intends to call as witnesses and must contain specific information concerning the defense.

Nowhere in the statute is "duress" defined, but § 4 of the statute provides:

"In determining whether or not the defendant broke prison while under duress the jury or court *may consider the following conditions if supported by competent evidence:*

"(a) Whether the defendant was faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future.

"(b) Whether there was insufficient time for a complaint to the authorities.

"(c) Whether there was a history of complaints by the defendant which failed to provide relief.

"(d) Whether there was insufficient time or opportunity to resort to the courts.

"(e) Whether force or violence was not used towards innocent persons in the prison break.

"(f) Whether the defendant immediately reported to the proper authorities upon reaching a position of safety from the immediate threat." MCL 768.21b(4); MSA 28.1044(2)(4). (Emphasis added.)

The six factors provide objective criteria that may be helpful in determining whether the four elements listed in *Luther* are, in fact, present. By

using the language "may consider * * * if sup-
ported by competent evidence", the Legislature
suggests that not all of these factors must be
present in order to find a defendant's escape was
excused by duress.

CJI 7:5:04 and its use note support this analysis,
for the six factors are listed with the instruction
"Only those conditions which are supported by
competent evidence should be mentioned" in a
jury instruction.

We believe the statute and court rule are consis-
tent with the Supreme Court's holding in *Luther*.
All permit a trier of fact to consider the six
criteria as they bear on a defendant's credibility.
Nowhere, however, does the Legislature require a
showing that each of these factors must be estab-
lished before a trier of fact can consider the de-
fense.

The recent United States Supreme Court opin-
ion in *United States v Bailey*, 444 US 394; 100 S
Ct 624; 62 L Ed 2d 575 (1980), does not alter our
analysis. The majority recognized the central role
of the jury in determining whether duress has
been established:

"The Anglo-Saxon tradition of criminal justice, em-
bodied in the United States Constitution and in federal
statutes, makes jurors the judges of the credibility of
testimony offered by witnesses. It is for them, generally,
and not for appellate courts, to say that a particular
witness spoke the truth or fabricated a cock-and-bull
story. An escapee who flees from a jail that is in the
process of burning to the ground may well be entitled
to an instruction on duress or necessity, ' "for he is not
to be hanged because he would not stay to be burnt." '
*United States v Kirby*, 7 Wall 482, 487 [19 L Ed 278]
(1869) *[sic]*." *United States v Bailey, supra*, 414-415.

The Court held, however, that the defense of

duress could not be submitted to a jury unless the defendant proffered evidence of a bona fide effort to surrender or return to custody as soon as the duress lost its coercive force. 444 US 394, 415.

Our holding today is based on our interpretation of a Michigan statute that has no counterpart in federal law, while the *Bailey* opinion was based on the common-law defense of duress as it applied to the federal crime of prison escape, 18 USC 751(a). The federal escape law has been held to be a continuing offense, *United States v Bailey,* 444 US 394, 413, and the fact that the offense was a continuing one was one ground for requiring evidence of surrender. The Michigan escape statute has not been interpreted to mean that prison escape is a continuing offense, however. *People v Charles Johnson,* 62 Mich App 240, 248; 233 NW2d 246 (1975). Instead, the statutory language suggests the offense is complete at the time the escape from prison is made. Evidence of an escapee's actions after the crime is complete might have relevance in determining his state of mind at the time of the escape under either statute. Where the offense is not a continuing one, an escapee's actions after the crime is complete should not be an essential element for establishing the defense.

We hold that the duress defense is available in Michigan whenever a defendant offers evidence that his escape was necessitated by an immediate threat of death or serious bodily injury, including a threat of homosexual attack. Once a defendant has shown this, he or the prosecution may offer evidence relating to the factors listed in the Michigan notice statute and the jury may consider these as bearing on a defendant's credibility.

The trial court erred in refusing to allow the jury to consider defendant's proffered duress de-

fense. Since a defendant need not offer evidence at trial on each of the statutory factors, he need not offer specific information relating to each factor in his notice of duress defense. Here, defendant's amended notice established a history of threats at Jackson prison, where defendant was incarcerated for approximately three weeks before he was transferred to the Michigan Training Unit. Defendant states that, within hours of being moved into the MTU, he began being asked for sex in exchange for money or protection. He was transferred to another unit within MTU and he claims that he was accosted there in the shower by three inmates who asked him if he was a homosexual and told him they would "make him one" if he was not. Defendant was then transferred to a third unit, where he claims he was asked for sexual favors every day. He asserts that on the night he escaped his cell door was pushed open every 15 minutes and he was asked for sex favors and threatened "of what would happen to me if I did not give in to what was in store for me" that night.

This notice was adequate to apprise the prosecution of what defendant would have presented at trial had he been allowed to introduce the defense. Although defendant did not name the alleged attackers, he did state that the only witness he planned to call was himself. This was sufficient to permit the prosecution to prepare to rebut this defense.

We observe that the similar notice requirement for the defense of alibi has been recognized as a safeguard against the wrongful use of the defense by providing maximum possible discovery and giving time for the prosecutor to investigate. *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976). Al-

though the alibi notice, like the duress notice, must include a statement of specific information relating to the defense, a defendant seeking to present an alibi defense may himself testify even if the notice is inadequate. *Merritt, supra,* 88.

Here, where defendant's notice was sufficiently specific to inform the prosecution of the circumstances that defendant believed constituted duress, the trial court erred reversibly in precluding defendant from presenting that defense.

Defendant also argues that the trial court erred in excluding evidence of sexual assaults that were made at Jackson prison approximately two months before defendant was transferred to the Ionia facility. Generally, a determination of whether proffered evidence is material and relevant rests with the trial court. *People v Strickland,* 78 Mich App 40; 259 NW2d 232 (1977). While we believe these threats may have had some bearing on defendant's state of mind at the time of the escape, the remoteness in time and place leads us to find that the trial court did not abuse its discretion in excluding them from evidence. The trial court could find that only those threats that could have been carried out had any relevance in determining whether a threat of immediate bodily harm was operating on the mind of the defendant at the time of the offense.

Defendant also argues that the trial court erred in denying his motion to dismiss for the prosecution's failure to bring this charge to trial within 180 days of his arrest. MCL 780.131; MSA 28.969(1). The trial court denied defendant's motion to dismiss, finding that the 180-day rule did not apply to crimes committed during the period of incarceration. In making that ruling, the trial court relied upon this Court's decision in *People v*

*Loney,* 12 Mich App 288, 292; 162 NW2d 832 (1968).

On April 21, 1980, *Loney* was rejected by a panel of this Court. *People v Moore,* 96 Mich App 754, 760-762; 293 NW2d 700 (1980). The *Moore* opinion, which held the 180-day rule applicable to crimes committed during incarceration, has been followed in *People v Anglin,* 102 Mich App 118; 301 NW2d 470 (1980), and *People v Marcellis,* 105 Mich App 662; 307 NW2d 402 (1981).

On October 23, 1980, another panel of this Court rejected *Moore* and reaffirmed *Loney. People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980). The *Loney-Ewing* analysis is followed in *People v Grandberry,* 102 Mich App 769; 302 NW2d 573 (1980), and *People v Susalla,* 107 Mich App 528; 309 NW2d 654 (1981). We believe the *Loney-Ewing* analysis is preferable and hold the 180-day rule inapplicable in this case for the reasons discussed in the dissent in *People v Marcellis, supra.*

We observe that an incarcerated defendant remains protected by his constitutional right to a speedy trial. *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972), *People v Grimmett,* 388 Mich 590, 606; 202 NW2d 278 (1972). Defendant does not claim that his constitutional right to a speedy trial was violated and we have examined the record and have found no deprivation of that right.

Defendant's remaining claims of error are without merit.

Reversed and remanded for a new trial.