PEOPLE v KEITH

Docket No. 107551. Submitted August 18, 1988, at Grand Rapids.
Decided November 30, 1988.

Michael A. Keith was charged with escape from the Michigan
Reformatory. The Ionia Circuit Court, Charles W. Simon, Jr.,
J., granted a motion in limine to preclude defendant from
presenting evidence concerning threats made against him at
other corrections facilities prior to his escape in furtherance of
his defense of duress. Defendant appealed by leave granted.

The Court of Appeals *held:*

The duress defense to prison escape is available in Michigan
whenever a defendant offers evidence that his escape was
necessitated by an immediate threat of death or serious bodily
injury, including a threat of homosexual attack. Once a defen-
dant has shown this, he or the prosecution may offer evidence
relating to the factors listed in the Michigan notice statute and
the jury may consider these as bearing on a defendant's credi-
bility. Threats other than those made immediately preceding
defendant's escape are not irrelevant per se and the court erred
in so holding.

Reversed and remanded.

CRIMINAL LAW — ESCAPE — DEFENSES — DURESS — STATUTES.

The duress defense to prison escape is available in Michigan
whenever a defendant offers evidence that his escape was
necessitated by an immediate threat of death or serious bodily
injury, including a threat of homosexual attack; once a defen-
dant has shown this, he or the prosecution may offer evidence
relating to the factors listed in the Michigan notice statute and
the jury may consider these as bearing on a defendant's credi-
bility (MCL 768.21b; MSA 28.1044[2]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Gary Michael Gabry,*

REFERENCES

Am Jur 2d, Escape, Prison Breaking, and Rescue § 16.

Duress, necessity, or conditions of confinement as justification for
escape from prison. 69 ALR3d 678.

Prosecuting Attorney, and *Raymond P. Voet,* Assistant Prosecuting Attorney, for the people.

*David A. Hoort,* for defendant on appeal.

Before: MacKENZIE, P.J., and McDONALD and R. ROBINSON,* JJ.

PER CURIAM. Defendant appeals by leave granted from a March 24, 1988, order granting the people's motion in limine, precluding defendant from submitting evidence at his trial for prison escape from the Michigan Reformatory concerning events at Marquette Prison and Kinross Correctional Facility relating to alleged threats made against him. We reverse.

Defendant was charged with prison escape, MCL 750.193; MSA 28.390. Prior to trial defendant filed a notice of his intent to assert a duress defense at trial. According to defendant's notice of duress, on January 6, 1985, defendant assisted Officer Doug Hall when he was assaulted by an inmate at Marquette Prison. Defendant was thereafter threatened while still at Marquette Prison with death or serious bodily harm in retaliation for assisting the officer. Thereafter, defendant was transferred from Marquette to Kinross Correctional Facility where he again started receiving threatening notes pertaining to his giving assistance to the officer. Defendant was later transferred from protective custody at Kinross Correctional Facility to the Michigan Reformatory and was placed in protective custody pending a transfer. On March 18, 1986, defendant was transferred to the dormitory at the Michigan Reformatory where he alleges he was again threatened with

* Former circuit judge, sitting on the Court of Appeals by assignment.

death or serious bodily injury. Defendant claims he reported the threats to the department but was denied protection from injury. He walked away from the dormitory on March 28, 1986, allegedly to avoid the threatened harm.

The people filed a motion in limine requesting the exclusion of any evidence or testimony relating to threats made against defendant while at Marquette Prison and Kinross Correctional Facility. Following a hearing on the motion, the trial court found the events allegedly occurring at Marquette and Kinross irrelevant to defendant's duress defense, as they were not immediate to defendant's escape. We disagree.

MCL 768.21b; MSA 28.1044(2) deals with the defense of duress when a defendant is charged with prison breaking and states in pertinent part:

> (4) In determining whether or not the defendant broke prison while under duress the jury or court may consider the following conditions if supported by competent evidence:
>
> (a) Whether the defendant was faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future.
>
> (b) Whether there was insufficient time for a complaint to the authorities.
>
> (c) Whether there was a history of complaints by the defendant which failed to provide relief.
>
> (d) Whether there was insufficient time or opportunity to resort to the courts.
>
> (e) Whether force or violence was not used towards innocent persons in the prison break.
>
> (f) Whether the defendant immediately reported to the proper authorities upon reaching a position of safety from the immediate threat.

In *People v Mendoza,* 108 Mich App 733, 742; 310 NW2d 860 (1981), this Court stated:

We hold that the duress defense is available in Michigan whenever a defendant offers evidence that his escape was necessitated by an immediate threat of death or serious bodily injury, including a threat of homosexual attack. Once a defendant has shown this, he or the prosecution may offer evidence relating to the factors listed in the Michigan notice statute and the jury may consider these as bearing on a defendant's credibility.

Although the Court in *Mendoza* affirmed the trial court's exclusion of evidence of sexual attacks made on the defendant at a prior prison two months before his transfer to the prison from which he escaped as being too remote and therefore irrelevant to the defendant's perception of immediate harm at the time of his escape, we find the instant case distinguishable. Here, defendant is not attempting to submit evidence of prior unrelated threats, but rather is arguing that the immediate threats received while at the Michigan Reformatory were related to and a continuation of the threats beginning at Marquette and resulting from the assistance defendant offered a prison officer.

Thus, we believe the trial court erred in holding all threats other than those delivered immediately preceding defendant's escape irrelevant per se. Defendant should have the opportunity to present competent evidence regarding any threats reasonably connected to the threats precipitating his escape. That some threats date back to defendant's imprisonment in other facilities does not in and of itself render such threats irrelevant to defendant's claim of duress.

Reversed and remanded for further proceedings.