David Patrick LAKIN, Petitioner,

v.

Wayne W. STINE, Respondent.

No. 96–75828.

United States District Court,
E.D. Michigan,
Southern Division.

April 21, 2001.

The Sixth Circuit reversed the previous judgment of this Court granting habeas relief to Petitioner David Lakin. The Sixth Circuit remanded the case, "for proceedings in accordance with [the Sixth Circuit] opinion." *Lakin v. Stine*, 2000 WL 1256900, *5 (6th Cir.(Mich.) July 13, 2000). Petitioner and Respondent were afforded the opportunity to submit supplemental briefs, and oral argument was heard after remand. The Court finds that the state trial court erred in failing to allow Mr. Lakin to present a full defense by refusing to instruct the jury on the defense of duress. Because this Court cannot establish that this error was harmless, the Court GRANTS David Lakin's Petition for Habeas Relief.

David Lakin, Alger Correctional Facility, Munising, MI, pro se.

Margaret S. Raben, Gurewitz & Raben, Detroit, MI, for Petitioner.

Federal Defender's Office, Detroit, MI, William C. Campbell, Diane L. Galbraith, Michigan Dept. of Attorney General, Habeas Corpus Dept., Lansing, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING HABEAS CORPUS RELIEF

TARNOW, District Judge.

## I. Introduction[1]

This case is before the Court on remand from the Sixth Circuit Court of Appeals.

## II. Background

On June 26, 1990, a jury convicted Petitioner, David Patrick Lakin,[2] and four other inmates, of kidnaping, prison escape, assault of a prison employee and unlawfully driving away an automobile. On August 29, 1990, the court sentenced Mr. Lakin to 25–50 years for kidnaping, 3 1/3–5 years for prison escape, 3–4 years for assaulting a prison employee, and 3 1/3–5 years for unlawful driving away an automobile. The sentences imposed on August 29, 1990 were to run consecutive to his prior conviction. His earliest release date for his prior convictions is 2007, with a maximum release date of 2032.

Mr. Lakin appealed his conviction on September 7, 1990. On June 7, 1991, he

1. Law Clerk Rita Foley provided quality research assistance.

2. On August 17, 1998, the court ordered appointment of Margaret Raben, Esq., to represent Mr. Lakin. Her representation of Mr. Lakin has continued to the present time. Diane Galbraith, Esq. and William Campbell,

Esq., Assistant Attorneys General, have appeared on behalf of the respondent. All three attorneys have aided the Court throughout this process, including the submission of supplemental briefs, and oral argument, subsequent to the Sixth Circuit's remand of this petition.

requested leave to file a supplemental brief. That motion was granted. One of the points Mr. Lakin argued in his appeal was that he was denied the right to present a defense of duress, necessity, and/or coercion.

On June 14, 1993, the Michigan Court of Appeals affirmed his convictions in a consolidated, unpublished opinion. The Court of Appeals addressed the issues raised by Mr. Lakin's counsel, but not the issues raised in Mr. Lakin's *pro se* supplemental brief. *See People v. Lakin*, Michigan Court of Appeals Case No. 132531 (1993).

> Defendants' convictions arise from their ultimately successful escape from the central complex of the State Prison of Southern Michigan at Jackson. **Defendants raise a number of issues, only one of which merits extensive discussion.** Defendants Chipman and Onifer argue that the trial court failed to comply with the applicable rules governing their decision to discharge counsel and to proceed *in propria persona*. While we agree that the trial court did not fully comply with the applicable court rule, we are not persuaded that reversal is required.

*Id.*, at 2; (emphasis added).

The opinion only addressed the issues raised by Defendants Chipman and Onifer. The Court of Appeals found that the trial court violated Michigan Court Rule 6005(E), but that the error was harmless. With respect to the other issues raised on appeal by the defendants, including Mr. Lakin, the Court wrote, "[w]e have carefully considered the remaining issues raised by defendants. However, we conclude that they require neither retrial nor discussion. Affirmed." *Id.* at 3.

Mr. Lakin filed an application for leave to appeal to the Michigan Supreme Court. The Court denied his motion for remand for an evidentiary hearing, and denied leave to appeal. *People v. Lakin*, No. 96943, 444 Mich. 896, 511 N.W.2d 690 (1993).

On May 16, 1996, Mr. Lakin filed the instant petition—an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Lakin, prior to trial, requested new counsel several times, because counsel would not meet with him privately. He told the judge that if the court would not appoint him new counsel he would be forced to represent himself. The judge refused to appoint new counsel. Mr. Lakin proceeded at trial *in propria persona*. This Court granted conditional habeas relief, holding that the waiver of counsel did not comply with the requirements of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The Sixth Circuit reversed the decision of this Court, finding that, "Michigan's state court decisions concerning Lakin's Sixth Amendment right to counsel were not 'contrary to' or an 'unreasonable interpretation of' Supreme Court precedent." *Lakin, supra* at *4. The case was remanded by the Sixth Circuit to the District Court for further proceedings.

After the mandate was issued, both Petitioner and Respondent submitted supplemental briefs to the Court. The supplemental briefs addressed the remaining issues raised in Mr. Lakin's petition. The Court, on January 24, 2001, conducted a hearing on the issue of whether the trial court's refusal to allow Mr. Lakin to present the defenses of duress, necessity, and/or coercion denied Mr. Lakin his right to a fair trial.

## III. Standard of Review

Petitioner's application is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) because his application was filed after April 26, 1996.

28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997), *cert. denied* 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998).

Habeas relief cannot be granted unless the state court's legal decision was contrary to, or was an unreasonable application of "clearly established" United States Supreme Court law, or the state court's application of the law to the facts was an "unreasonable determination of the facts in light of the evidence ...". 28 U.S.C. § 2254(d)(1)–(2).

The factual determinations of a state court are presumed correct unless rebutted by convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless convincing evidence is offered to rebut this presumption. *Warren v. Smith,* 161 F.3d 358, 360–361 (6th Cir. 1998), *cert. denied* 527 U.S. 1040, 119 S.Ct.

2403, 144 L.Ed.2d 802 (1999); 28 U.S.C. 2254(e)(1).

The Supreme Court articulated the standard of review federal courts are to follow in considering petitions for habeas relief under § 2254(d). The Sixth Circuit has applied the Supreme Court's standard of review:

a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."

*Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), *petition for cert. filed October 12, 2000, quoting Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), *internal page citations omitted.*

## IV. Analysis

### A. Right to Present A Defense

■ Mr. Lakin has a right to present a defense to the charges against him. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment ... or in the Compulsory Process or Confrontation clauses of the Sixth Amendment ... the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'." *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct.

2142, 90 L.Ed.2d 636 (1986) (*internal citations omitted*), *quoting California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). While the Sixth Circuit has held that jury instructions should not be given if the instruction is based upon mere suspicion or lacks evidentiary support, "so long as there is even weak supporting evidence, a trial court commits reversible error in a criminal case when it fails to give an adequate presentation of a theory of defense." *United States v. Riffe,* 28 F.3d 565, 569 (6th Cir. 1994), *internal quotations and citations omitted.* Michigan law provides a similar protection:

> On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and may defend himself, and he shall have a right to produce witnesses and proofs in his favor, and meet the witnesses who are produced against him face to face.

Mich.Comp.Laws § 763.1

Mr. Lakin informed the trial court that he wished to present the defenses of duress, necessity and/or coercion to the charges against him—kidnaping, assault, unlawful driving away of an automobile, and prison escape. The trial court considered Mr. Lakin's request to instruct the jury on the defenses of necessity, duress, and/or compulsion. The trial court relied on *People v. Travis,* 182 Mich.App. 389, 451 N.W.2d 641 (1990), as presented by the prosecutor, to deny Mr. Lakin's request.

■ The defense of compulsion has long been recognized by the Michigan Courts. " 'An act which would otherwise constitute a crime may also be excused on the ground that it was done under compulsion or duress'." *People v. Merhige,* 212 Mich. 601, 610, 180 N.W. 418 (1920), *quoting* 16 *Corpus Juris* 91. "Several terms have been used by courts to denote defenses based on compulsion, most commonly 'duress', 'necessity', 'coercion', and 'compulsion'." *People v. Hocquard,* 64 Mich. App. 331, 337, note 3, 236 N.W.2d 72 (1975). "The difference between the defenses of duress and necessity is that the source of compulsion for duress is the threatened conduct of another human being, while the source of compulsion for necessity is the presence of natural physical forces." *Hocquard, supra* at 337, note 3, 236 N.W.2d 72, *citing* 43 U.Cinc.L.Rev. 956, 960.

■ There are five factors to be considered when a defendant seeks to present a defense of compulsion or necessity:

1. The compulsion must be present, imminent and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. A threat of future injury is not enough.

2. There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

3. There is no time or opportunity to resort to the courts;

4. There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and

5. The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

*Hocquard, supra* at 337–338, 236 N.W.2d 72, *internal quotations and citations omitted.*

Michigan's criminal jury instructions provide a standard instruction on duress, which lists five factors a jury should consider when presented with a defense of duress:

The defendant is not guilty if [he/she] committed the crime under duress. Under the law, there was duress if [four/five] things were true:

(a) One, the threatening behavior would have made a reasonable person fear death or serious bodily harm;

(b) Two, the defendant actually was afraid of death or serious bodily harm;

(c) Three, the defendant had this fear at the time [he/she] acted;

(d) Four, the defendant committed the act to avoid the threatened harm.

[ (e) Five, the situation did not arise because of the defendant's fault or negligence.] [3]

Similarly, Michigan statutory law provides six factors which should be analyzed when considering duress as a defense to escape from prison:

In determining whether or not the defendant broke prison while under duress the jury or court may consider the following conditions if supported by competent evidence:

(a) Whether the defendant was faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future.

(b) Whether there was insufficient time for a complaint to the authorities.

(c) Whether there was a history of complaints by the defendant which failed to provide relief.

(d) Whether there was insufficient time or opportunity to resort to the courts.

(e) Whether force or violence was not used towards innocent persons in the prison break.

(f) Whether the defendant immediately reported to the proper authorities upon reaching a position of safety from the immediate threat.

Mich.Comp.Laws § 768.21b

 It is evident, therefore, that Michigan law permits duress, and compulsion/necessity, to be raised as defenses to criminal acts, including the act of prison break.[4] It is not necessary for the defendant be able to satisfy each of the six factors enumerated in Mich.Comp.Laws § 768.21b to be able to present a defense of duress:

By using the language "may consider ... if supported by competent evidence," the Legislature suggests that not all of these factors must be present in order to find a defendant's escape was excused by duress .... [n]owhere ... does the Legislature require a showing that each of these factors must be established before a trier of fact can consider the defense.

*People v. Mendoza,* 108 Mich.App. 733, 740–41, 310 N.W.2d 860 (1981).

 In this instance, the trial court relied on the holding in *People v. Travis, supra,* to deny Mr. Lakin the opportunity to present a defense of duress or compulsion/necessity. In *Travis, supra,* at 394–95, 451 N.W.2d 641, the Michigan Court of Appeals held that, as a matter of law, duress was not available to a defendant who took a third party hostage at knifepoint. The trial court in Mr. Lakin's case conducted a pre-trial evidentiary hearing. The trial court found that Mr. Lakin and his co-defendants participated in the taking of hostages during their prison break, and therefore, based on the holding in

---

**3.** "Use (e) only where there is some evidence that the defendant found himself in the position of having to commit the crime through his own fault or negligence." Mich.CJI2d 7.6(4), note 1.

**4.** Duress may not, however, be raised as a defense to homicide. *People v. Dittis.,* 157 Mich.App. 38, 403 N.W.2d 94 (1987).

*Travis,* the defense of duress was not available to the defendants.

Nevertheless, the trial court erred when it applied the holding in *Travis* to the facts of Mr. Lakin's case. The defendants in *Travis* were denied the opportunity to present a duress defense to the act of taking several prison employees hostage inside the prison. Mr. Lakin, however, committed the act of prison break, and the defense of duress is specifically made applicable to the crime of prison break by Mich.Comp.Laws § 768.21b. The trial court should have allowed the defense of duress to have been presented to the jury in Mr. Lakin's case. The jury should have been charged with Mich.CJI2d 7.6 ("Duress") and Mich.CJI2d 7.7 ("Special Factors in Escape Cases").

Mr. Lakin provided the trial court with notice of intent to offer a duress defense, as required by Mich.Comp.Laws § 768.21b. The trial court's refusal to include jury instructions on duress violated Mr. Lakin's Constitutional right to, " 'a meaningful opportunity to present a complete defense'." *Crane, supra* at 690, 106 S.Ct. 2142, *quoting Trombetta, supra* at 485, 104 S.Ct. 2528. The trial court's ruling in this case resulted in a decision which prevented Mr. Lakin from presenting a complete defense. The trial court's adjudication was contrary to clearly established Federal Constitutional law, as interpreted by the United States Supreme Court. (*See Crane, supra.*)

Petitioner has satisfied the threshold requirement necessary for this Court to consider federal habeas relief—that the lower court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ..." 28 U.S.C. § 2254(d)(1) "The text of § 2254(d)(1) therefore suggests that the

state court's decision must be substantially different from the relevant precedent of [the Supreme] Court." *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In Mr. Lakin's case, the trial court's decision was substantially different from the relevant precedent of the United States Supreme Court which has consistently recognized a defendant's right to present a complete defense. (*See Crane, supra* at 690, 106 S.Ct. 2142; *Trombetta, supra* at 485, 104 S.Ct. 2528; *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); and *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).)

**B. Harmless Error Analysis**

■ The Court has determined that the trial court ruling, which precluded Mr. Lakin from presenting a complete defense, resulted in a decision that was contrary to Federal Constitutional law. The Magistrate Judge's Report and Recommendation of June 26, 1998 also stated that the trial court erred by precluding Mr. Lakin from introducing evidence related to his duress and necessity defenses. However, the magistrate judge then concluded that the trial court's error was harmless, because "no reasonable jury could find that petitioner escaped from prison under duress or necessity." (Report and Recommendation at 22.)

After the Report and Recommendation was issued, however, the Sixth Circuit published its opinion in *Barker v. Yukins,* 199 F.3d 867 (6th Cir.1999), *cert. denied* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000). The *Barker* Court suggested that weighing of the evidence and assessment of credibility are tasks to be carried out by the finders of fact, not by the reviewing court. *Barker, supra* at 874–75.

Petitioner argues that, in light of the Sixth Circuit's holding in *Barker,* the Mag-

istrate Judge's finding of harmless error cannot be adopted by this Court. Mr. Lakin asserts that the Court cannot quantify the impact of the trial court's decision to preclude the duress and necessity/compulsion defenses during the jury trial. Therefore, this Court cannot determine that the trial court's ruling, refusing to allow Mr. Lakin to present defenses of compulsion/necessity and/or duress, was harmless error. Mr. Lakin should be permitted to present a complete defense to the charges against him—including a defense of duress—to a jury.

For these reasons, the court grants Mr. Lakin's request for a writ of habeas corpus.

## V. Order

IT IS HEREBY ORDERED that Petitioner's Application for a Writ of Habeas Corpus is conditionally granted. Unless the State of Michigan takes action to afford Petitioner David Lakin a new trial within ninety (90) days of the date of this opinion, Mr. Lakin may apply for a Writ ordering Respondent to vacate the sentences for these convictions.